UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALISON AMRON,

                Plaintiff,

    v.

333 TENANTS CORPORATION,
DAVID FORTUNOFF, PETER MCGUINNESS,
John Doe and Jane Doe, being and intended to
be officers of 333 TENANTS CORPORATION,

                Defendants.

Case No.: 1:18-cv-04832

---

## COMPLAINT

Plaintiff, ALISON AMRON, by her attorney, Law Office of David W. Graber, as and for her Complaint against defendants, herein states:

### NATURE OF THE ACTION

1. This is a civil action against Defendants for housing discrimination against Plaintiff based on her gender and marital status, in violation of the Fair Housing Act (Hereinafter "FHA") 42 USC §3601 *et. seq.* and Article 15 § 296 of the New York State Executive Law, known as the NYS Human Rights Law.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of Plaintiff's claim for violations of the FHA pursuant to 42 USC §3613(a) and 28 USC §1331.

3. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 42 USC §1367(a) in that all of her claims arise out of a common nucleus of operative facts.

4. Venue is proper in this District pursuant to 28 USC §1391(b), in that he actions giving rise to the claims occurred in this District, the subject property is located in this District, and defendants reside or do business in this District.

5. This claim is brought within 180 days of the alleged discrimination.

## THE PARTIES

6. At all relevant times, Ms. Amron was and still is a married female who resides in the County of New York and State of New York. Plaintiff currently resides at 1065 Second Avenue, Apt. 19C, New York NY 10022.

7. Upon information and belief, Defendant 333 Tenants Cooperative (Hereinafter the "Cooperative") is a cooperative association whose board of directors rejected the executed contract between plaintiff and the owner of the apartment located at 333 East 69th Street, Apt. PHF, New York, NY 10021 (Hereinafter "Premises"), and is located in the County and State of New York.

8. Upon information and belief, Defendant David Fortunoff, is, and was at all relevant times to this action, the President of

the Cooperative's Board of Directors, and resides in the County and State of New York.

9. Upon information and belief, Defendant Peter McGuinness, is, and was at all relevant times to this action, the Vice President of the Cooperative's Board of Directors, and resides in the County and State of New York.

10. Upon information and belief, Defendants John Doe and Jane Doe are, and were at all relevant times to this action, the remaining members of the Cooperative's Board of Directors who played a part in the rejection of the Plaintiff's application, and all reside in County and State of New York.

## GENERAL ALLEGATIONS

11. In December 2017 Ms. Amron agreed to purchase the 743 cooperative shares associated with apartment PHF of 333 Tenants Corporation from the owner, Louis T. Petrillo. The contract was for an entirely cash sale with no mortgage contingency and was executed by the buyer and seller on or about December 1, 2017.

12. On or about December 7, 2017 Ms. Amron received a co-op application package from the cooperative's managing agent, AKAM Associates Inc.

13. On or about December 19, 2017 Ms. Amron complied fully with each and every demand and request of the cooperative for information and documents by submitting a timely, fully completed application to AKAM, along with the required

application fees, including a letter of introduction in which plaintiff indicated her desire to reside in the Premises, spoke of her wife, Mary Ellen, and advised the cooperative that she has been in a committed relationship with Mary Ellen for twenty two years, and happily married to her for ten of those years.

14. In fact, Ms. Amron's application went above and beyond that of which was requested by the cooperative in that, for example:

a) It included four social reference letters and five personal references;

b) It included four professional reference letters and five professional references; and

c) It included a managing agent reference letter.

15. On or about January 30, 2018, without even granting an interview to, and without having ever met Ms. Amron, the Cooperative, by action of its Board of Directors, including the named individual defendants (Hereinafter the "Directors"), through its managing agent, rejected Ms. Amron's application.

16. On January 31, 2018 plaintiff requested that the Cooperative and its Directors reconsider the application, going so far as to offer to put four years' worth of maintenance and assessments in escrow, although the same was totally unnecessary based on the quality of the application, the fact that the contract required an all cash purchase and the fact that plaintiff had more than sufficient assets and income to be

approved without any maintenance being placed in escrow.

17. On February 6, 2018, plaintiff received notice from AKAM, on behalf of the Directors and the Cooperative that "(T)he board reviewed the decision again but decided to stay with their (sic) original decision."

18. At the time of its initial rejection and at the time of its refusal to reconsider both the Cooperative and the Directors were aware of the fact that plaintiff was, and still is, married to another female and was in a long term relationship with her.

19. Upon information and belief the Cooperative and Directors' denials of the application and revised application were based on plaintiff's status as a gay female and were based on discriminatory grounds.

20. As a result of plaintiff being prohibited from purchasing the Premises she had contracted to purchase, and because the apartment she had previously been residing in was in contract to be sold, plaintiff rented an apartment at 1065 Second Avenue, Apt. 19C, New York, NY for the sum of $ 9,695.00 per month.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 20 as if set forth herein.

22. Defendants' conduct, as described above, constitutes discrimination against any person in the terms, conditions, or privileges of sale of a dwelling because of sex, in violation of

the Fair Housing Act, 42 USC §3604(b).

23. Defendants conduct was intentional, willful, and made in disregard of the rights of others.

24. Accordingly, pursuant to 42 USC §3613(c) plaintiff is entitled to actual damages, punitive damages, and reasonable attorney's fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION

25. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 24 as if set forth herein.

26. Defendants' conduct, as described above, constitutes a refusal to sell or otherwise deny to or withhold from any person a housing accommodation because of sexual orientation or marital status of such person, in violation of Article 15 of the New York State Executive Law §296(5)(a)(1).

27. Defendants' conduct, as described above, constitutes discrimination in the terms, conditions, or privileges of the sale of a housing accommodation because of sexual orientation or marital status, in violation of Article 15 of the New York State Executive Law §296(5)(a)(2).

28. Ms. Amron has been injured by the Defendants' discriminatory conduct and has suffered damages as a result.

29. The Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

30. Accordingly, under Article 15 of the New York State

Executive Law §297(9) and (10), plaintiff is entitled to damages, punitive damages, and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Declaring that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 USC §3601 *et seq.*, and the New York State Human Rights Law, New York Executive Law *§290 et seq.*;

(b) Awarding such damages to Ms. Amron as will fully compensate for the diversion of resources and frustration of mission caused by Defendants' unlawful practices;

(c) Awarding such damages to Ms. Amron as will fully compensate for any loss of rights, as well as humiliation, embarrassment, and emotional distress suffered due to Defendants' discriminatory conduct;

(d) Awarding punitive damages to Ms. Amron;

(e) Awarding Ms. Amron reasonable attorney's fees, costs, and expenses incurred in prosecuting this action; and

(f) Granting such other and further relief as to this Court seems just and proper.

Dated:   Great Neck, NY
         May 24, 2018

                      Yours, etc.,

**LAW OFFICES OF DAVID W. GRABER**
Attorneys for Plaintiff
    By: <u>s/David W. Graber</u>
        55 Watermill Lane
        Great Neck, NY 11021
          (516)292-8500
        dwgraber@prodigy.net

TO:  333 TENANTS CORPORATION
     333 East 69th Street
     New York NY 10022

c/o AKAM Associates
    260 Madison Avenue  12th Floor
    New York NY 10016

    DAVID FORTUNOFF
    333 East 69th Street  Apt. 10 C/D
    New York NY 10022


    PETER MCGUINNESS
    333 East 69th Street  Apt. 4G
    New York NY 10022

Case No.: 1:18-cv-04832

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALISON AMRON,

                                               Plaintiff,

v.

333 TENANTS CORPORATION,
DAVID FORTUNOFF, PETER MCGUINNESS,
John Doe and Jane Doe, being and intended to
be officers of 333 TENANTS CORPORATION,

                                               Defendants.

---

**COMPLAINT**

-------------------------------------

**LAW OFFICES OF DAVID W. GRABER**
55 Watermill Lane
Great Neck, NY 11021
516-292-8500